[S. F. No. 2171.   Department Two.—August 7, 1902.]

G. C. FREMAN, Respondent, v. S. W. MARSHALL, Appellant.

APPEAL FROM JUDGMENT—CONCLUSIVENESS OF FINDINGS.—Upon appeal from a judgment, where there is no bill of exceptions or statement of the evidence, the findings are conclusively presumed to be true for the purposes of the appeal.

COUNTY GOVERNMENT ACT—SALARY OF DEPUTY DISTRICT ATTORNEY.—Under the County Government Act of 1893, authorizing the district attorney of Fresno County (a county of the eighth class) to appoint "two deputy district attorneys at a salary of fifteen hundred dollars per annum," the words employed denote that each of the deputies is to receive that salary, and not that they are to receive one salary of fifteen hundred dollars between them.

ID.—CONSTITUTIONALITY—UNIFORMITY OF OPERATION.—Subdivision 24 of section 170 of the County Government Act of 1893, providing that it shall go into effect immediately, as to Fresno County, on the date of its approval, and that nothing in that section should affect in any manner the length of terms or the salaries fixed for present incumbents, or the number of deputies, or the compensation thereof as allowed by law January 1, 1893, is to be construed together with section 237, providing that the act should take effect, except as otherwise provided, on the first Monday after the first day of January, 1895, and, so read, there is no conflict as to the county officers named, and there is no absence of uniformity of operation, rendering the act unconstitutional.

ID.—IMMATERIALITY OF TIME.—Where it appears that the County Government Act of 1893 had gone into full effect before the district attorney of Fresno County, who appointed the deputy whose salary was in question, took office, the time of its taking effect as to him is immaterial.

ID.—IMMATERIALITY OF PROVISION—GENERAL POWER OF SUPERVISORS—FINDINGS—PRESUMPTION.—Where the findings show that the deputy was regularly appointed, and do not show that there was any other assistant or deputy district attorney, it is immaterial whether the appointment and salary were directly authorized by subdivision 21 of section 170 of the County Government Act of 1893, or whether it was required to be empowered as the salary of an assistant district attorney, under the more general provision of subdivision 36 of section 25 thereof. An assistant district attorney is but a deputy, and, applying the latter section, it may be presumed that the board of supervisors authorized the appointment and salary.

ID.—ASSUMED REPEAL BY COUNTY GOVERNMENT ACT OF 1897—PRESUMPTION—MOOT QUESTION.—Assuming that the act of 1893 was repealed as to the plaintiff, by the County Government Act of 1897, the appointment and salary of the plaintiff are authorized by that act, under the findings as made; and all presumptions being in favor of the correctness of the judgment, it is a mere moot question whether the act of 1893 was or was not repealed as to the plaintiff.

ID.—MANDAMUS—FORMER INJUNCTION—RES ADJUDICATA—SUBSEQUENT APPOINTMENT.—Where the present record shows an appointment of the plaintiff made in 1898, the record of a former judgment, entered in 1895, perpetually enjoining the auditor from issuing, and the plaintiff from receiving, any warrant upon the treasurer for any service rendered by the plaintff as deputy district attorney under a general appointment, is not a bar to an application for a writ of mandate to compel the county treasurer to pay a warrant issued for salary under the subsequent and different appointment.

APPEAL from a judgment of the Superior Court of Fresno County. J. R. Webb, Judge.

The facts are stated in the opinion.

O. L. Everts, District Attorney, and E. D. Edwards, Deputy District Attorney, for Appellant.

L. L. Cory, and Frank H. Short, for Respondent.

COOPER, C.—Appeal from the judgment awarding a writ of mandate against the defendant as county treasurer of Fresno County. There being no bill of exceptions nor statement of the evidence, the findings are conclusively presumed to be true for the purposes of this appeal.

From them it appears that on the first day of July, 1898, the district attorney of Fresno County appointed plaintiff deputy district attorney of said county, and thereafter he took the proper oath, entered upon the discharge of the duties of said office, and continued to be such deputy district attorney up to January, 1899; that there became due plaintiff, under the said appointment, the sum of one hundred and twenty-five dollars for services performed by him in his official capacity during the month of October, 1898; that on the seventh day of November, 1898, the county auditor of said county drew, and delivered to plaintiff, a warrant on the defendant county treasurer for the amount of said October salary, which warrant was by plaintiff duly presented to the defendant as treasurer of said county with a request for the payment thereof; that although there was sufficient money in the county treasury, in the proper salary fund, not otherwise appropriated, the defendant refused, and has continued to refuse, to pay the same, and the amount thereof is still due and unpaid. The defendant claims, as matter of law, that the judgment is erroneous for several reasons, which will be discussed in the order presented.

1. The County Government Act of 1893 (Stats. 1893, p. 410), as to the district attorney of Fresno County, provides: "The district attorney may appoint one assistant district attorney, at a salary of two thousand dollars per annum, and two deputy district attorneys, at a salary of *fifteen hundred dollars* per annum."

It is claimed that under the above provision, conceding it to be valid, the deputies are both to receive fifteen hundred dollars per annum, and not fifteen hundred dollars each. The claim is so palpably contrary to the common-sense view of the

language used as to hardly seem worthy of discussion. It is evident that the legislature did not intend to fix a gross sum as the salary of two officers. It would have been as reasonable for them to have fixed a gross sum as the salary of all the county officers. The assistant district attorneys are given *a salary;* the two deputy district attorneys are given *a salary.* The words "a salary" refer to the salary of each, and not the salaries of the two.

Subdivision 21 of section 173 of the same act, in regard to counties of the eleventh class, provides that the assessor may appoint fourteen deputies, "at a salary of five dollars per day." It could not be contended.that by this language it was intended to give the entire fourteen deputies a salary of five dollars, or not quite thirty-six cents per day each. In *Tulare County* v. *May,* 118 Cal. 309, the section last quoted was held constitutional, and that the deputies were entitled to the salary therein provided. It was not even claimed that the five dollars per day was the entire salary for the fourteen deputies, and no such construction occurred to the chief justice, who wrote the opinion, but the contrary, for in the opinion he said, referring to the contention that the assessor should pay the deputies out of his salary, that if the contention should prevail the assessor would be required "to pay his deputies five dollars per day, a payment which, for the number of deputies authorized, would far exceed the whole income of the office."

2. The claim is next made that the act in question is unconstitutional, for the reason that it does not have a uniform operation. This argument is based upon the fact that subdivision 24 of section 170 provides that the act shall go into effect as to Fresno County on the date of its approval, and section 237 provides that it shall take effect, except as therein otherwise provided, on the first Monday after the first day of January, 1895. The latter provision relates to the entire act, while the former relates to Fresno County (a county of the eighth class). The two sections should be read together, and as so read there is no conflict as to the county officers therein named. Section 170 (subd. 24) contains the express provision "that nothing in this section shall affect in any manner the length of terms or the salaries fixed for present incumbents holding any of the said offices, nor shall this section affect in any manner the number of deputies, nor the compensation

thereof as allowed by law on the first day of January, 1893.''

As the time at which the law took effect, therefore, had expired under either provision before the district attorney took office on the first Monday of January, 1895, the time is not material here. Counsel for defendant say in their brief that subdivision 21 of section 170 must yield to the general provision found in subdivision 36 of section 25, which empowers the boards of supervisors of the several counties to authorize the district attorney to appoint an assistant who shall receive for his services the sum of fifteen hundred dollars per annum. An assistant is but a deputy. (*Freeman* v. *Barnum,* 131 Cal. 386, 390.[1])

As the findings show that plaintiff was regularly appointed deputy district attorney, we may presume that the board of supervisors authorized the appointment under subdivision 36 of section 25, as the findings do not show that there was any other assistant or deputy district attorney of the county.

As the salary under the latter provision is the same, we may also presume that it applies to plaintiff. We may therefore take the provision conceded by defendant to be constitutional, and which applies to all counties, and we cannot say that plaintiff was not entitled, under its provisions, to his salary as claimed.

3. It is claimed that the County Government Act of 1897, by express provision, repeals the act of 1893, except as to the salaries of present incumbents, and that as plaintiff was not appointed until after the act of 1897 went into effect, he was not a present incumbent. The act of 1897 authorized the district attorney of Fresno County to appoint one deputy at a salary of one hundred and fifty dollars per month, and one at a salary of one hundred dollars per month. If we concede that the act of 1897 applies, then we must further presume that plaintiff was the deputy appointed at a salary of one hundred and twenty-five dollars (less than one hundred and fifty dollars) per month, because the record does not show to the contrary, and the finding is, that he was duly and regularly appointed. It is therefore a moot question as to whether or not the act of 1893 was repealed by the act of 1897 as to plaintiff. All presumptions are in favor of the correctness of the judgment of the court below. The district

[1] 82 Am. St. Rep. 355.

attorney having power under the provisions of some act to appoint a deputy whose salary is fifteen hundred dollars per year, and it not appearing from the record before us that any other deputy was ever appointed by the district attorney, and the salary claimed not exceeding fifteen hundred dollars per year, we must affirm the judgment. To analyze the various County Government Acts, and the sections bearing upon the question, in order to determine what particular section of what particular act authorized the appointment, would be a useless task.

4. It is finally claimed that the plaintiff is estopped by a prior judgment. The finding as to the said prior judgment is all the information we have on the question. The finding is as follows:—

"That on the second day of December, 1895, the superior court of said county of Fresno, state of California, made and entered a judgment and decree perpetually enjoining said auditor, H. E. Barnum, from drawing or delivering any warrant on the treasurer of said county of Fresno, and likewise enjoining said plaintiff, G. C. Freman, from receiving any warrant upon the treasurer of said county for any services by the said G. C. Freman as deputy district attorney of said county, under a general appointment, and said judgment and decree has never been vacated, annulled, or modified, but remains and is now in full force and effect."

As the court elsewhere finds that the plaintiff was appointed in July, 1898, and that the warrant was for services for October, 1898, it is plain that the former judgment is not conclusive. It may be that under the general appointment referred to in the quoted finding that the plaintiff never qualified, nor performed any services. The fact that plaintiff was not entitled to any salary for services as deputy district attorney prior to December, 1895, does not show that he is not entitled to a salary for services performed in October, 1898, under a different appointment.

It follows that the judgment should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.