[Civ. No. 278.   First Appellate District.—March 11, 1907.]

## LAGUNA DRAINAGE DISTRICT, Respondent, v. CHARLES MARTIN COMPANY, Appellant.

ACTION TO CONDEMN LAND FOR DRAINAGE DISTRICT—SECOND APPEAL— LAW OF CASE.—In an action to condemn a strip of land for the use of a drainage district, where the sufficiency of the complaint and the question as to the constitutionality of the act under which the drainage district was organized were determined upon a former appeal, such determination is the law of the case, and those questions will not be considered upon a second appeal.

ID.—FORMER JUDGMENT IN PRIOR ACTION FOR SAME CAUSE—STIPULATED JUDGMENT AS TO DIFFERENT LAND NOT A BAR.—A former judgment in a prior action for the same cause against the defendants' predecessor, which was rendered by stipulation, for a pipe-line over different land, is only conclusive as to the land occupied by the pipe-line, and is not a bar to another action to condemn the strip claimed but not adjudicated in the prior action.

ID.—EFFECT OF STIPULATED JUDGMENT—WITHDRAWN CLAIM NOT ABANDONED.—By the stipulated judgment for an easement upon different land, the claim for the land described in the complaint was in effect withdrawn, and the judgment can have no greater effect than if the complaint had asked for an easement to lay the pipe-line over the precise location described in the judgment. It did not have the effect to show that the plaintiff agreed to abandon forever its right to condemn the land in controversy.

ID.—DRAINAGE DITCH A PUBLIC USE—NECESSITY FOR DRAINAGE—DE-TERMINATION OF BOARD CONCLUSIVE.—The legislature having declared that a ditch or aqueduct for draining and reclaiming lands is a public use, the determination by the board of trustees of the drainage district as to the necessity for draining the district is final, and not subject to review by the courts.

ID.—PROOF OF NECESSITY FOR TAKING LAND OF DEFENDANT—SUPPORT OF VERDICT.—While the drainage district is required to show by proof that the taking of the strip of land claimed from the defendant was necessary for such drainage, it is held that the evidence

as to such necessity is sufficient to support the verdict for the plaintiff.

ID.—DAMAGE TO LAND NOT TAKEN.—*Held*, that the question of damages to the parcel of land not sought to be condemned was fairly submitted to the jury on the evidence, and that its finding as to the amount of damage to such land is a fair deduction from the evidence.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

E. S. Lippitt, and F. K. Lippitt, for Appellant.

Thomas J. Geary, for Respondent.

COOPER, P. J.—Action for condemnation. Plaintiff recovered judgment. Defendant has appealed from the judgment, the order denying its motion for a new trial, and an order allowing plaintiff possession of the property pending the appeal.

The complaint alleges that plaintiff is a public corporation created for the purpose of draining a part of the lands of the state included within the boundaries of the drainage district as set forth in the complaint; that it is necessary for the purposes of draining the said district to cut down and excavate the bed of a natural stream leading from the lower end of the said laguna following the meanderings of the stream, according to the courses and distances set forth in the complaint, the width of the said easement sought being thirty feet; and that the defendant is the owner of the piece or parcel of land sought to be condemned; that the only mode of draining the said district is by deepening the bed of the said stream and placing proper contrivances in the channel where necessary in order to carry the water uninterrupted. It concludes with a prayer that the strip of land may be taken, held and used by plaintiff for the uses and purposes set forth therein, and that the compensation to be paid defendant may be ascertained and fixed.

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of

action, and upon the further ground that the plaintiff has not the legal capacity to sue, for the reason that the act under which the plaintiff was formed is unconstitutional.

The court below sustained the demurrer. Judgment was accordingly entered for defendant. From that judgment the plaintiff appealed, and the judgment was reversed. (*Laguna etc. Dist.* v. *Chas. Martin Co.*, 144 Cal. 209, [77 Pac. 933].) The supreme court held against defendant on both propositions raised by the demurrer, and fully discussed the question as to the constitutionality of the act under which plaintiff was organized. It thus became the law of the case that the complaint states facts sufficient to entitle the plaintiff to the relief demanded, and that the plaintiff is a valid corporation and authorized to condemn land for its uses and purposes. We will, therefore, not discuss further the argument of defendant's counsel that the act under which the plaintiff was organized is unconstitutional.

Upon the going down of the *remittitur* from the supreme court the defendant filed its answer. It denied that it was necessary to take the land described in the complaint for the uses and purposes of the plaintiff. It also pleaded a former judgment between the same parties by way of estoppel. The case was tried with the assistance of a jury, to whom three interrogatories were propounded and answered as follows:

"Is it necessary that the strip of land described in the complaint be taken by the plaintiff for the uses for which it is sought to be condemned?" Answer: "Yes."

"What is the value of the strip of land sought to be condemned by the plaintiff?" Answer: "One hundred dollars."

"What is the damage to the balance of the land not sought to be condemned by reason of its severance from the land sought to be condemned, and the construction of the improvement proposed by the plaintiff?" Answer: "Five hundred dollars."

Upon this verdict judgment was entered for plaintiff, and in the judgment it is recited: "That the use to which the land sought to be taken and applied is a use authorized by law. The issues in this action were not determined in the judgment pleaded by the defendant in his answer herein; that the judgment described in the answer of defendant and duly offered in evidence by the defendant is not a bar to the prosecution of the present action by the plaintiff, and that

the plaintiff is not estopped from prosecuting the present action by reason of the said judgment.'' The court also awarded the defendant its costs, taxed at $123.20.

No error is claimed as to any instruction given the jury, and all the evidence, and the reasonable inferences which the jury might have drawn therefrom, must be called to the support of the verdict. The defendant relies upon certain rulings as prejudicial, and insists that the judgment and orders should be reversed because of such alleged rulings.

The first point urged, and upon which the defendant places the most stress, is the claim that plaintiff is estopped by reason of a former judgment. In the year 1889 the plaintiff commenced a prior action against Charles Martin, the predecessor in interest of the defendant, for the condemnation of substantially the same land sought to be condemned in the present suit, and for the same purpose, to wit, for the purpose of a ditch to convey away the waters, and drain the lands of the district. During the trial of the former suit, and before its conclusion, the parties entered into a stipulation to the effect that in consideration of $250 the plaintiff should have the right to lay an iron pipe twelve inches in diameter from a point designated at the lower end of the laguna in a straight line across the lands of Charles Martin, for a distance of about six hundred feet to a curve in the stream, the said pipe to be laid underground and the earth filled upon it, and to be a perpetual easement upon the lands of the said Charles Martin, and an appurtenance to the lands of the plaintiff. The stipulation provided that judgment should be entered accordingly, which was done. The judgment described the location of the pipe, the manner in which it should be laid and maintained, and recited the terms and conditions of the stipulation. The line so described, and over which the pipe was laid, was not over or through the land sought to be condemned for a ditch, either as described in the former action, or in the one at bar. The plaintiff paid Martin the $250, and the costs incurred, and proceeded to and did lay the twelve-inch pipe in the manner agreed upon and provided in said judgment. The rule is that a judgment upon the merits rendered in a former suit between the same parties, or their privies, in the same right, upon the same cause of action by a court of competent jurisdiction, is conclusive and an estoppel in all other ac-

tions between the same parties, or their privies. This doctrine applies also to condemnation proceedings, unless the facts and circumstances in the second suit show a greater or different necessity from that set forth in the first suit. After a careful consideration of the record in the former suit, we conclude that it does not estop the plaintiff in maintaining this one. It was sought in the former action to condemn the same land for the same purpose, and if that issue had been determined, in the absence of any change of circumstances, it would be conclusive here; but the issue was not tried, nor was it determined. By stipulation it was in effect withdrawn, and an agreement made for an easement to lay a pipe in the ground of defendant not within the descriptive calls of the land described in the complaint. No land was taken. The easement to lay the pipe was through and over different land from that described in the complaint. The plaintiff agreed to pay, and did pay, $250 and the costs that had been incurred for the right to lay the pipe. Judgment was entered upon the stipulation evidently for the purpose of making the agreement set forth in the stipulation a matter of record. The judgment can have no greater effect than if the complaint had asked for an easement to lay a twelve-inch iron pipe over the precise location described in the judgment, and after trial the court had determined that the plaintiff was entitled to the easement as prayed for. In such case the judgment would be an estoppel as to the question of the right to lay the iron pipe in the ground of defendant as located and described in the judgment. It would not estop the plaintiff from again bringing an action to condemn different land for the purposes of a drainage ditch. The plaintiff withdrew its claim for the condemnation of the land in the first suit by reason of the stipulation. The issue was, therefore, not determined, nor could it have been determined if we regard the stipulation as a pleading authorizing a judgment for a different easement over different land. Suppose the stipulation had been to allow the plaintiff to lay an iron pipe in the ground of defendant on a different tract of land, wholly disconnected with the drainage of plaintiff's land, and judgment had been entered accordingly, could it be said that the judgment would estop the plaintiff from maintaining the present action? The issue in the present suit is as to the neces-

sity of taking the land described in the complaint for the purposes therein set forth.    After the stipulation was made in the prior suit no such issue was in the case.    It is not the policy of the law to estop a party from maintaining an action by reason of a prior judgment upon an entirely different issue.    We have not lost sight of the fact that a judgment upon stipulation by consent of the parties is binding and valid; but it is binding only as to the matter consented to by the stipulation.    The authority for the judgment in such case is the stipulation, and the judgment decides nothing except as authorized by the stipulation.    The plaintiff paid for the easement it took by stipulation in the prior case.    The law compels it to pay for the land condemned in the present case.

In *Last Chance Min. Co.* v. *Tyler Min. Co.*, 157 U. S. 683, [15 Sup. Ct. Rep. 733], it appeared that in a prior action between the same parties, in which the Last Chance Mining Company was defendant, it had answered, and issue was joined as to the possession of a certain triangular part of a mining claim and the ores therefrom.    The action resulted in a judgment for the plaintiff in said prior suit, and against the Last Chance Mining Company by reason of the withdrawal of its answer.    The Tyler Mining Company afterward amended its application, so that it excluded the triangular piece of land included in the prior suit.    The other portions of the claim of the Last Chance Mining Company, except the triangle, were not involved in the prior suit.    The court held that the judgment was not an estoppel except as to the triangle, and in the opinion said: "The particular matter in controversy in the adverse suit was the triangular piece of ground, which is not the matter in dispute in this action. The judgment in that case is therefore not conclusive as to matters which might have been decided, but only as to matters which were in fact decided."

In *Haldeman* v. *United States*, 91 U. S. 584, it was held that a judgment by consent dismissing a prior suit was not a bar.    The court said: "But there must be at least one trial of a right between the parties before there can be said to be an end of the dispute, and before a former judgment can avail as a bar to another suit. . . . There was neither trial, nor decision, nor averment even, that the parties had, by their agreement, adjusted the matter in controversy. . . .

But the general entry of the dismissal of a suit by agreement is no evidence of an intention to abandon the claim on which it is founded, but rather of a purpose to preserve the right to institute a new suit if it becomes necessary. It is a withdrawal of a suit upon terms. These terms may be more or less important; they may refer to costs, or they may embrace a full settlement of the contested points. If they are sufficient to estop the plaintiff the plea must show it."

Applying the reasoning of the above case to the case at bar the stipulation does not show that plaintiff agreed to abandon its right forever to condemn the land in controversy.

In *McCormick* v. *Gross*, 135 Cal. 304, [67 Pac. 766], it was held that in an action of replevin, the plea in abatement of a prior action pending between the same plaintiff against the same defendant to recover money alleged to be due under a contract for the price of the same property was not good. In the opinion it is said: "It is provided in section 1908 of the Code of Civil Procedure that a judgment or order in certain cases is conclusive between the parties as 'to the matter directly adjudged,' and in section 1911, 'that only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.'"

In an opinion of Mr. Justice Harrison in *Oakland* v. *Oakland Water Front Co.*, 118 Cal. 220, [50 Pac. 300], the doctrine of estoppel by reason of a former judgment is fully discussed, and the authorities cited. It is there said: "The form of the judgment is immaterial, but unless it appear from the record that it was given upon a consideration of the merits of the controversy, or if it affirmatively appears that the merits were not considered, it is not available as an estoppel."

In *Hughes* v. *United States*, 4 Wall. 232, the court said: "In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties, or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground

which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

In *Foster* v. *The Richard Busteed,* 100 Mass. 409, [1 Am. Rep. 125], the rule is thus stated: "To be a bar to future proceedings it must appear that the former judgment necessarily involved the determination of the same fact to prove or disprove which it is pleaded or introduced in evidence. It is not enough that the question was one of the issues in the former suit. It must also appear to have been precisely determined." (See *Freeman* v. *Marshal,* 137 Cal. 159, [69 Pac. 986]; *Ephraim* v. *Pacific Bank,* 136 Cal. 646, [69 Pac. 436]; Freeman on Judgments, secs. 251, 253, 256, 257, 260, 271; *Knitsinger* v. *Brown,* 72 Ind. 468.)

It may further be said that the complaint having alleged, and the jury having found, that the taking of the land is now necessary for the uses and purposes of plaintiff, the presumption, in the absence of evidence, is that new facts and circumstances were shown. It is claimed by the defendant that the former judgment in effect determined that it was not then necessary to take the land for the purposes of a ditch. The evidence showing that it is now necessary to take it, the burden is placed upon defendant to show, not only the prior judgment between the same parties as to the same subject matter, involving the same issue, but that there have been no new facts or circumstances to now justify the taking. Our attention has not been called to any evidence showing such fact, and we have been unable to find any in the record. On the other hand, plaintiff's witness Frost, a civil engineer, testified that in April, 1903, he found the water standing five feet deep on the land in the lagoon at a point five thousand feet above the bridge; that the natural outlet of the laguna is the creek, the bed of which should be widened, deepened and cleaned out; that the proposed plan is the only practicable plan of draining the lagoon, and the quantity of land proposed to be taken is a little over half an acre. Dodge, a civil engineer, also testified that to carry the flow of water it is necessary to excavate the ditch a distance of eight hundred and forty feet below the bridge. When asked if the pipe-line would carry off the water of the lagoon as well as the natural flow of the creek, he answered: "It won't run off at all; no natural flow of the creek. The natural flow of the creek is four feet higher than the lagoon.

The bed of the creek below the bridge has been raised several feet since I surveyed it in 1888." There is other testimony, but the above is sufficient to show the present necessity for taking the land for the public use designated in the complaint.

Defendant contends that there is no necessity for the public improvement proposed—the drainage of the lands included in the district. As before stated, it has been held that the district is a corporation created and existing under a valid act of the legislature. The board of trustees of the district employed civil engineers to survey, plan, locate and estimate the cost of the works necessary to drain the district, and determined that it was necessary to drain the district in accordance with the plans of the engineers. The determination of the board of trustees as to the necessity for draining the district is final in this case. It is not a matter that is subject to review by the courts. The plaintiff is a corporation authorized to drain and reclaim lands. A ditch or aqueduct for draining or reclaiming land has been declared by the legislature to be a public use. (Code Civ. Proc., sec. 1238, subd. 4.) It was, therefore, not necessary to prove that the drainage of the district was necessary, but only that the taking of the lands of defendant was necessary for such drainage. (*City of Pasadena* v. *Stimson,* 91 Cal. 238, [27 Pac. 604]; *Santa Ana* v. *Harlin,* 99 Cal. 539, [34 Pac. 224].) As to the necessity for taking the land, the verdict of the jury was for plaintiff, and it is sufficient to say that the evidence supports it.

It is claimed that the court erred in certain rulings as to the amount of damage to which the defendant was entitled by the severance of the land not sought to be condemned from the portion sought to be condemned. We have examined the rulings, and find nothing of sufficient importance to justify a reversal of the case. The principal claim is that defendant should have been permitted to show that the portion of its land north of the road and adjacent to the laguna receives moisture by the seepage from the laguna, and that the drainage of the laguna will damage its land by depriving it of such moisture. The evidence offered for the purpose of proving this was that of the Martins. By examining the testimony of Charles Martin we find that he testified that "the pipe as it is now constructed, in connec-

tion with the creek, drains the lagoon, and carries the water from the lagoon in time to permit of the cultivation of the lagoon." He further testified that the water has been off the lagoon sufficient to permit its cultivation by the first of May during the average for the past fifteen years. Charles E. Martin testified that the water is off the lagoon in May. "The pipe carries the water away until it is entirely dried up. There has not been a year to my knowledge when that pipe has not carried away the water, and entirely dried the lagoon." It is thus seen that when defendant claims that the condemnation is not necessary it produces evidence to show that the old pipe drained the laguna dry by the first of May, and then, on the question of damages, it offered evidence to prove that draining the laguna by the proposed system would deprive it of the seepage from the laguna during the summer months. We are of opinion that the question of damages to the parcel of land not sought to be condemned was fairly submitted to the jury on the evidence, and its finding of $500 damage to such land is a fair deduction from the evidence.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1907.