[Civ. No. 1809. Second Appellate District.—September 3, 1918.]

E. D. ENGEBRITSEN et al. (a Copartnership, etc.), Appellants, v. LATIN-AMERICAN PUBLISHING CO. (a Copartnership), et al., Respondents.

APPEAL — ABSENCE OF FINDING ON MATERIAL ISSUE — PRESUMPTION.— Where, on appeal from a judgment, error is claimed because of the absence of a finding on a material issue, it must affirmatively appear that evidence was presented from which the trial judge would be required in writing to determine that fact, and, in the absence of such a showing, it will be presumed that there was no such evidence.

BAILMENT—PROPERTY LEFT WITH CREDITOR AS SECURITY—EXCUSE FOR FAILURE TO DELIVER—DESTRUCTION BY FIRE — BURDEN OF PROOF.—Where, in an action on a promissory note, the defendant, by answer and cross-complaint, set up a claim for damages for the failure of the plaintiff to deliver property left by the defendant and cross-complainant with the plaintiff as security, under an agreement on plaintiff's part to "store and keep the same safely at its own risk, except as to conditions beyond its control," and to deliver the property to the defendant or its order, and the plaintiff in answer to this cross-complaint set up the destruction of the property by fire while in its hands, and that "said fire was caused by matters and things without and beyond the control of cross-defendants, and was wholly without any negligence or fault of cross-defendants," the burden was upon the plaintiff to show facts in excuse of its refusal to deliver the property on demand.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

Tyrrell, Abrahams & Brown, and Chas. W. Fricke, for Appellants.

Milton K. Young, for Respondents.

JAMES, J.—Prior to September, 1913, plaintiff copartnership contracted with defendant copartnership to print and bind a certain lot of text-books for defendant. When the work was completed defendant copartnership was unable to pay the full amount due to the plaintiff on the contract, and

a supplemental agreement was thereupon entered into where-under the defendant executed to the plaintiff its promissory note in the sum of three hundred dollars, and it was agreed between the parties that three thousand copies of the book then ready for delivery should be held by the plaintiff as security for the payment of the promissory note. In this action plaintiff sought to recover judgment on the three hundred dollar promissory note. The defendant, by answer and cross-complaint, pleaded that the three thousand books had never been delivered to it. Answering the cross-complaint, the plaintiff set up that the three thousand books had been destroyed by fire while in its hands. Affirmative judgment for the sum of two hundred dollars damages was entered in favor of the defendant. This appeal is taken from that judgment and is presented on the judgment-roll alone.

In the supplemental agreement hereinbefore referred to the plaintiff agreed as to the three thousand books held as security that it would "store and keep the same safely at its own risk, except as to conditions beyond its control, and will deliver the same to the Latin-American Publishing Company, or its order, . . . " Referring to the destruction of the books, the plaintiff in its answer to the cross-complaint alleged "that said fire was caused by matters and things without and beyond the control of cross-defendants, and was wholly without any negligence or fault of cross-defendants." Touching this issue, the court in its findings of fact determined as follows: "That while said three thousand books were still in the possession of said plaintiff and being stored at its own risk, except as to conditions beyond its control, the said books were destroyed by fire, on the first day of February, 1914; that said fire took place at the printing-house of the plaintiff and cross-defendant, but that the destruction of said books by said fire was not a condition beyond the control of said Standard Printing Company." It is argued on behalf of appellant that this finding is insufficient to support the judgment, first, because the court neglected and omitted to affirmatively find upon the allegation contained in the plaintiff's answer to defendant's cross-complaint wherein the plaintiff alleged that the fire was caused without any negligence on its part. The case being presented on the bare judgment-roll, we have no means of knowing whether there was evidence heard in the trial court upon that question. It is well settled

that where error is claimed because of the absence of a finding on a material issue, it must affirmatively appear that evidence was presented from which the trial judge would be required in writing to determine the fact. And in the absence of such a showing it will be presumed that there was no such evidence. (*Coats* v. *Coats,* 160 Cal. 671, [36 L. R. A. (N. S.) 844, 118 Pac. 441] ; *Mohr* v. *North Rawhide Mining etc. Co.,* 177 Cal. 264, [170 Pac. 600].) But, argue counsel for appellant, it was incumbent on the defendant to show not only a failure to deliver the books on demand, but also that such failure was not excusable. (Citing *Wilson* v. *Southern Pacific R. R. Co.,* 62 Cal. 164.) In the opinion in that case it is said that a *prima facie* case of negligence is made out against a warehouseman who refuses to deliver property stored with him upon proof of demand and refusal. And the opinion continues: "But if it appears that the property, when demanded, was consumed by fire, the burden of proof is then on the bailor to show that the fire was the result of the negligence of the warehouseman." In this case, there being an absence of any showing as to what the evidence was, and therefore no showing of the time when the property was destroyed, and it appearing by the answer of the plaintiff to the defendant's cross-complaint that the former assumed the burden of showing why it refused to deliver the books, a different situation is presented from that considered in the Wilson suit, *supra.* We have not found it necessary to determine whether, under the agreement of the plaintiff to store the books at its own risk, it assumed a larger responsibility than that of using ordinary care in their safekeeping. For the purposes of this decision, we have adopted the view of the appellant that if the destruction of the books was brought about without any negligence on the part of the plaintiff, it might be excused. However, as already indicated, we are of the view that the burden was upon the plaintiff to show facts in excuse of its refusal to deliver the books upon the demand of the defendant. Our duty being to construe the findings of the trial judge in such a way as will support the judgment, we think, for reasons stated, that the judgment should be affirmed.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.