[Civ. No. 3340. Second Appellate District, Division One.—October 11, 1920.]

H. M. HARDY, Appellant, v. MRS. ELIZABETH C. FREY et al., Defendants; JOHN F. TANNER, Respondent.

[1] MECHANICS' LIENS—MORTGAGE—SUPERIORITY OF LIEN.—Under section 1186 of the Code of Civil Procedure, the lien of a contractor for the construction of a dwelling-house upon certain property is superior to the lien of a mortgage thereon delivered and filed for record four days after the contractor entered upon the property and commenced the work of constructing the house, notwithstanding that prior to commencing such work the contractor knew that such mortgage had been signed and acknowledged.

[2] ID.—AFFIRMATIVE ANSWER — ISSUES — FINDINGS—JUDGMENT—APPEAL—PRESUMPTION.—Upon an appeal on the judgment-roll alone in an action to foreclose a mechanic's lien for the construction of a dwelling-house, affirmative matters set up in the answer of a defendant, and which would justify the judgment of the trial court in his favor, cannot be accepted by the appellate court as being true, where the trial court made no finding in response to the issue raised by such affirmative pleading.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

G. C. De Garmo for Appellant.

E. L. Brady and J. L. Brady for Respondent.

SHAW, J.—Action to foreclose a mechanic's lien. Judgment went against plaintiff, from which he appeals upon the judgment-roll alone.

It appears from the findings that on October 9, 1914, defendant Elizabeth C. Frey acquired by purchase a lot, title to which prior to said date had been vested in the Los Angeles Trust & Savings Bank. [1] In anticipation of the purchase and while negotiations therefor were pending, she, on September 17, 1914, entered into a contract with plaintiff whereby he undertook and agreed to erect a dwelling-house upon the lot for her. In pursuance of the contract he, on October 5, 1914, entered upon the lot and commenced the work of constructing the house. Four days later, to wit, on October 9th, the property was conveyed to Mrs. Frey, at which time a mortgage thereon, which, known to plaintiff, she had theretofore signed and acknowledged, was, by the party in whose hands it, with other papers, had been deposited in escrow, delivered to defendant John F. Tanner and filed for record. Upon these facts the trial court as a conclusion of law found the mortgage so given to Tanner was superior to plaintiff's lien for constructing the house.

In so doing the court, in our opinion, erred. An indispensable requisite to the validity and operation of a mortgage is delivery thereof. While, as found by the trial court, plaintiff knew that Mrs. Frey had signed and acknowledged the mortgage in question, and that Turner had agreed to loan her twelve hundred dollars upon the same, this cannot be construed as equivalent to a finding that the mortgage was delivered; and especially is this true since the court further found the mortgage was not delivered until October 9, 1914. Hence the lien of the mortgage did not attach to the lot until a date subsequent to that upon which the plaintiff commenced the work of constructing the house, and therefore, as provided in section 1186 of the Code of Civil Procedure, plaintiff's lien must be deemed superior to the mortgage.

While it appears that the mortgage and other papers relating to the transaction were at the time plaintiff com-

menced the erection of the house, deposited in escrow, the nature of the agreement under which the deposit was made is not shown; nor, conceding the agreement to have been of such character that the deposit of the mortgage in pursuance of its terms could be said to constitute delivery thereof to Tanner, nevertheless it is not made to appear that plaintiff had knowledge or notice of the fact that such deposit in escrow was made. No facts are found upon which to insist that plaintiff was estopped from asserting his claim of lien. The argument of respondent's counsel and theory upon which the trial court apparently based its conclusion, appears to rest upon the fact alone that, since plaintiff knew Mrs. Frey had signed and acknowledged the mortgage, the subsequent consummation of the loan and delivery of the mortgage rendered it superior to plaintiff's lien. To so hold would be contrary to the express provision of section 1186 of the Code of Civil Procedure, which provides that "the liens provided for in this chapter are preferred to any . . . mortgage . . . which may have attached subsequent to the time when the building . . . was commenced . . . ; also to any . . . mortgage . . . of which the lienholder had no notice, and which was unrecorded at the time the building . . . was commenced."

[2] In his answer, and by way of estoppel, defendant alleged "that the said Hardy agreed to and with this defendant on or about August 22, 1914, that the said lien of defendant's said mortgage was and is superior and paramount in time and right over any alleged lien or claim of lien upon the part of the plaintiff Hardy or of any one or all of the plaintiffs hereinbefore mentioned or of any other person, firm or corporation whatever," which affirmative allegation is deemed to be denied. Notwithstanding such denial, the court made no finding in response to the issue. Nevertheless, since the evidence is not brought up, respondent insists that we must accept the allegation of the answer as being true. We do not so understand the law. Findings must, where possible, be construed most favorably in support of the judgment (*Ballou* v. *Sunflower etc. Co.*, 165 Cal. 559, [132 Pac. 1036]), and in the absence of a bill of exceptions, they are presumed to be true for the purposes of the appeal. (*Freman* v. *Marshall*, 137 Cal. 161, [69 Pac. 986].) Nevertheless a judgment cannot be

upheld unless it is supported by the findings. Appellant is not complaining of any error due to the failure of the court to find upon defendant's affirmative allegation. He is not prejudiced by reason thereof, and hence, since there is no finding that the allegation is true, we must presume no evidence was introduced in support thereof. (*Engebritsen et al.* v. *Latin-American Pub. Co.*, 38 Cal. App. 141, [175 Pac. 652].)

The judgment is reversed.

Conrey, P. J., and James, J., concurred.