[No. 7,652.—Department One.]
Nov. 17, 1882.

## JOHN PARNELL v. HENRY HAHN.

FORMER ADJUDICATION—ESTOPPEL BY JUDGMENT—PRESUMPTION.—A judgment is conclusive upon all questions involved in the action and upon which it depends, and upon matters which, under the issues, might have been litigated and decided in the case; and the presumption of law is, that all such issues were actually heard and decided.

ID.—ID.—VENDOR AND VENDEE.—In an action to recover damages for breach of an alleged contract for the sale of real estate, the defendant pleaded that in an action brought by him against the plaintiff and others to quiet his title to the land in question, the said plaintiff, for an equitable defense, set up the contract in question and prayed for a specific performance, and that judgment was rendered against him; and the Court found accordingly.

*Held:* The judgment rendered in the former case is, as a plea, a bar, and, as evidence, conclusive in this action against the plaintiff.

APPEAL from a judgment for the defendant, in the Superior Court of the City and County of San Francisco. WILSON, J.

*H. C. Newhall* and *Eugene N. Deuprey*, for Appellant.

The former judgment is no estoppel. (Bigelow on Estoppel, 6, 22; 2 Taylor on Ev. 1451; *Stoops* v. *Woods*, 45 Cal. 439; *Bigelow* v. *Windsor*, 1 Gray, 302; *Jackson* v. *Lodge*, 36 Cal. 28; *Boggs* v. *Clark*, 37 id. 736; *Barnum* v. *Reynolds*, 38 id. 643; *King* v. *Chase*, 15 N. H. 15–17; *Betts* v. *Starr*, 5 Conn. 552; *Hart* v. *Burnett*, 15 Cal. 598; *Cohens* v. *State of Vir-*

ginia, 6 Wheat. 309; Richardson v. Mellish, 2 Bing. 248;
Herman on Law of Estoppel, 113.)    The case of Butterick v.
Holden, 8 Cush. 233, is on all fours with the case at bar.

Stanly, Stoney & Hayes, for Respondent.

The COURT:

An opinion in this case was filed in Department One, on
the tenth day of April, 1882 (9 P. C. L. J. 370), which is
adopted as the opinion of the Court in bank.   (See also Res-
sequie v. Byers, 52 Wis. 650, and cases therein cited.)

Judgment affirmed.

The following is the opinion of Department One, re-
ferred to.

McKEE, J.:

This was an action to recover damages for breach of an
alleged contract for the sale of real estate.   In answering the
complaint in the action the defendant, among other pleas,
pleaded a former judgment in bar of the action.   Upon the
trial of that issue the Court below found for the defendant,
and entered judgment against the plaintiff, from which he
appeals.

Whether a former judgment will operate as a bar to an ac-
tion depends upon the identity of the two causes of action
and of the parties.   If the cause of action in which the judg-
ment was rendered was the same as the cause of action in
which the judgment is plead, and both actions have been
brought to obtain relief at law or in equity upon the same
cause of action, the last action is subject to the estoppel of
the judgment in the former action.   And the judgment as
rendered in that action is conclusive upon all questions in-
volved in the action and upon which it depends, or upon
matters which, under the issues, might have been litigated
and decided in the case (Phelan v. Gardner, 43 Cal. 306); and
the presumption of law is that all such issues were actually
heard and decided.   (Subd. 18, § 1963, C. C. P.)

In the present case the record shows that the defendant,
Henry Hahn, had, on September 28, 1875, brought an action

to quiet his title to the premises involved in this action against John Parnell, John Hill, and William Corcoran. Parnell alone answered the complaint in that action, setting up, as an equitable defense to the action, that Hahn had, on February 18, 1874, contracted, in writing, with Hill, who was acting as Parnell's agent, for the sale of the premises for two thousand dollars; that one hundred dollars had been paid upon the contract, and the balance of one thousand nine hundred dollars was to be paid upon the purchaser being satisfied with the title—twelve days being allowed to search the title. That on the second day of March, 1874, Parnell, claiming to be the sole equitable owner of the premises, tendered to Hahn the one thousand nine hundred dollars of the purchase money, together with the draft of a deed to the premises to be executed by him; that Hahn refused to execute the deed in the form in which it was tendered, but offered to execute and deliver to Parnell a deed with a "stipulation." Such a deed Parnell refused to accept; and as affirmative relief, he prayed that Hahn be decreed to convey the premises, pursuant to the contract of sale, upon payment of the one thousand nine hundred dollars, which Parnell offered to deposit in Court.

Upon the trial of the issue made by that answer the Court found in favor of the plaintiff, decided that neither Parnell, nor any of the other defendants named in the complaint, had any right, title, or interest in the land involved in the action, and entered judgment for the plaintiff, declaring him to be the legal and equitable owner of the land, and forever barring and enjoining Parnell from claiming any interest or estate therein.

The allegations of the answer of Parnell in that case are identical with the allegations in his complaint in the present action. In the former action he asked, as affirmative relief, specific performance of the contract of sale. In this he asks damages for non-performance of the same contract. The facts which constitute the causes of action in both are therefore the same; and the parties to the former action were the same as in the present action, for although the complaint was filed against Parnell, Hill, and Corcoran, yet Corcoran had no interest whatever in the contest between Hahn and Parnell. Hill acted only as the agent of Parnell, and the latter was

the only one who answered the complaint and claimed to be the sole equitable owner of the land under the contract of sale. The matter in issue in the former action involved the validity and legal effect of the contract of sale, and the issue in this action involves the same question. As, therefore, the parties in the two cases are the same, and the matters in question are the same, the judgment in the former is, as a plea, a bar, and as evidence, conclusive in this action against the plaintiff.

Judgment affirmed.

ROSS, J., and MORRISON, C. J., concurred.