[S. F. No. 2945. Department One.—June 24, 1902.]

S. EPHRAIM, Respondent, v. PACIFIC BANK et al., Appellants.

RECEIVER—ACTION TO RECOVER ALLOWANCE—DEFENSE—AGREEMENT TO LOOK TO FUND ALONE—EVIDENCE.—In an action by a receiver against a bank, at the instance of which he was appointed receiver, to recover an unpaid allowance made by the court after the dismissal of the suit in which he was appointed, it is a complete defense that he was appointed at his own request, under an agreement with the bank that he would look solely to the crops and income of the lands placed in his possession, and that the bank obtaining his appointment was to be under no liability to him for his services or expenses; and it was error for the court to exclude evidence of such defense.

ID.—FORMER ADJUDICATION—ALLOWANCE NOT DETERMINING LIABILITY—PLEA OF AGREEMENT NOT PASSED UPON.—Where the allowance made to the receiver, after the dismissal of the suit brought by the bank, did not fix the liability of the bank, nor make any order for its payment, the mere fact that the bank, upon notice of the application for the allowance, made answer thereto, setting up the agreement that the receiver was to look alone to the funds received by him for his compensation, which plea was not passed upon, and was not material to the allowance, cannot render such plea *res adjudicata,* or preclude the pleading and proving of the agreement as a defense to the action of the receiver against the bank.

ID.—ASSIGNMENT BY RECEIVER—RIGHT OF ASSIGNEE TO SUE IN RECEIVER'S NAME—PROTECTION OF DEFENDANTS.—Where the receiver had assigned his claim before suit, with the right given to the assignee to sue in the name of the receiver, an action in the name of the receiver is maintainable, and a judgment in his favor would protect the defendants from any claim by the assignee.

ID.—ALLOWANCE REGARDED AS COSTS OF SUIT—INSOLVENT BANK—PREFERRED PAYMENT.—The amount of compensation and expenses allowed to the receiver, if a proper charge against an insolvent bank, is properly costs of suit, which should be paid in preference to the general creditors of the bank.

ID.—FORM OF JUDGMENT—DIRECTORS NOT LIABLE.—The judgment against the bank, if otherwise correct, should be in form against the corporation, with a direction to the defendant directors of the bank to pay the judgment from the funds of the bank in their control and possession. The receiver is not entitled to a personal judgment against the directors collectible from their personal assets, if no question is made as to their good faith.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

An assignment was offered in evidence from the plaintiff receiver to E. Schlessinger, made before the action was commenced, for the purpose of showing that the action was not brought in the name of the real party in interest. The assignment expressly conferred upon the assignee the right to prosecute and collect the allowance in the name of the receiver. Further facts are stated in the opinion of the court.

E. D. Sawyer, and Roger Johnson, for Appellants.

A. Everett Ball, for Respondent.

COOPER, C.—Appeal from judgment and order denying a new trial.

In January, 1894, the defendant corporation commenced an action in the superior court of Madera County, against the Madera Fruit and Land Company, California Savings and Loan Society, and other defendants, for the purpose of subjecting a large tract of vineyard land and some personal property to a judgment owned by it. Plaintiff was appointed receiver in said last-named action, took the proper oath, and entered upon the discharge of his duties. At the time of the commencement of said action the California Savings and Loan Society held mortgages upon the real estate so sought to be subjected to defendant corporation's judgment, and under foreclosure proceedings the mortgaged property was sold, in January, 1895, and purchased by the said California Savings and Loan Society.

The plaintiff, after his appointment as such receiver, took possession of the property, and held such possession until March, 1895, when the defendant herein dismissed the said action. The plaintiff's duties as receiver then ceased, and he no longer held possession, as receiver, of said real estate, or of any other property.

Thereafter, in March, 1897, plaintiff filed his account as receiver, and asked that it be settled and allowed and ordered paid. Notice was given to defendant corporation, and it appeared and objected to the jurisdiction of the court on the ground that the action had been dismissed, and also set forth an agreement with plaintiff that it was not to be held liable for any expense in the matter of said receivership. The court held that it had jurisdiction to settle the account, and made

a decree settling and allowing it, for $7,835.54, in favor of plaintiff, but did not fix the liability therefor on any person or fund, nor make any order as to its payment. The defendant appealed from the said decree settling said account, and this court affirmed the decree, holding that the court retained jurisdiction after the dismissal of the action to settle the account of the receiver. (*Pacific Bank* v. *Madera etc. Co.,* 124 Cal. 525.)

Thereafter the plaintiff commenced this action against the defendant corporation, and the other named defendants as trustees and directors thereof, to recover the amount so allowed in his account as receiver. The court below sustained a demurrer to the complaint, and, upon the failure of plaintiff to amend, judgment was entered for defendants. Plaintiff appealed from said judgment, and this court held that the court below erred in sustaining the demurrer, and that the complaint stated facts sufficient to constitute a cause of action. (*Ephraim* v. *Pacific Bank,* 129 Cal. 589.) After the *remittitur* was sent back, the plaintiff amended his complaint to its present form.

The complaint now alleges that plaintiff was appointed receiver upon the petition of the defendants, and at their request; the allowance and settlement of his account; that no property nor funds remain in his hands from which the amount due him can be realized; that demand has been made upon defendants, but they have refused to pay the same, and the amount remains due and unpaid. Judgment is prayed for the amount allowed in the said account with interest.

The defendants in their answer alleged, affirmatively, that the plaintiff importuned the Pacific Bank to have him appointed receiver, and that he promised and agreed with the said Pacific Bank that he would under no circumstances make any claim or charge against said bank for his services or expenses as such receiver, but would look solely to the crops and income from the lands placed in his possession for his compensation and expenses. That thereupon the said bank consented to his appointment upon the terms of said agreement and the express condition that it should be under no liability for services or expenses to said receiver.

The above agreement, if true, would constitute a complete defense on the part of these defendants. We know of noth-

ing that would prevent a party desiring to be appointed receiver from making such an agreement. If plaintiff was willing to assume the risk of getting his compensation from the income or proceeds of the property, and made an agreement to that effect, we think he should be held to his agreement. The defendants, knowing the property to be mortgaged, and the uncertainty of realizing on their judgment, might have been perfectly willing to have plaintiff appointed receiver, under the arrangement alleged in the answer, but not if they were to take the chances of paying heavy costs and expenses by reason of said appointment.

The defendants offered evidence for the purpose of proving the agreement as alleged in their answer, but the court sustained plaintiff's objections to all such offered testimony, and in doing so deprived defendants of practically their only defense. It is not claimed that the evidence, if free from legal objection, would not constitute a defense to the action, but the objection is attempted to be justified upon the theory that the defendants were concluded and estopped by the judgment in *Pacific Bank* v. *Madera etc. Co.*, 124 Cal. 525, allowing the account of the plaintiff. The court in excluding the evidence adopted the views contended for by plaintiff, and in so doing erred. It is true that in the proceeding to settle the account, after the action in which plaintiff had been appointed receiver had been dismissed, the present defendants appeared and set up the same agreement sought to be proven in this case. The record is silent as to whether or not they offered any evidence at said time in support thereof, but it is plain that the court did not determine any issue as to the liability of defendants. It simply settled the account and found the amount due the receiver. It did not find that any one was liable, and evidently proceeded upon the theory that, as the action had been dismissed, it had no power except to settle the accounts of the receiver. This was the view adopted here on both the former appeals. In the case of *Ephraim* v. *Pacific Bank*, 129 Cal. 589, it is said:—

"It was not requisite that the court should determine in the order settling the receiver's account who was liable to him for these expenses. The plaintiffs had dismissed the suit and there was no action pending in which a judgment could be rendered against any one in favor of the receiver. . . .

As the action in which he had been appointed had been dismissed, his remedy, after the court had settled his account, was to proceed by action against the parties at whose request he had incurred the expenses. . . . If the defendants herein would claim that the liability for these expenses is against the defendants in the original action as well as themselves, it is a matter of defense to be pleaded by them.''

It is therefore evident that the court below, in the former action, did not determine the liability of these defendants in allowing plaintiff's account. That was the view of the court below and the interpretation placed upon its order by this court in the two appeals here. The plaintiff, conceding that he made the agreement as alleged, still had the right to have his account allowed and settled. For aught that appears, from the mere order settling the account, the receiver might look to funds in his hands, or to property upon which he held a lien, or to compensation promised by other parties interested in the suit in which he was appointed receiver. The plaintiff in filing his petition for the settlement of his accounts as receiver did not claim that defendants alone owed him the amount, but he said ''the parties hereto refuse to pay the same or any part thereof.'' The parties included the defendants in the action in which plaintiff was appointed receiver. In his petition he asked that a copy of the order fixing a day for hearing his account be served ''upon the parties, the Pacific Bank and the California Savings and Loan Society.''

The question, then, is as to whether the fact that defendants in the settlement of the account of the receiver set up in their answer a contract which was not material, which in no way tended to constitute a defense to the settlement of the account, which did not tend to prove any issue passed upon by the court, and which was not passed upon by the court, shall preclude them from afterwards setting up and proving the contract in an action in which it is the very issue being tried. A prior judgment or order is not conclusive unless between the same parties and as to the identical questions involved in the issues being tried. The question being tried by the court below was as to whether or not defendants were liable to plaintiff for the amount allowed him in his account. This question was not determined in the decree allowing the account. If so, the present action is wholly un-

necessary. Neither did the court in allowing the account pass upon the question as to whether or not plaintiff agreed not to look to defendants for compensation. The account presented no such issue or claim. The defendants, without any just reason, set up the contract or agreement as herein alleged, but being outside the issues, and not passed upon by the court below, it is not *res judicata*. The elementary rule in this class of cases is stated in section 1911 of the Code of Civil Procedure: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." It is evident that the liability of defendants does not appear to have been adjudged upon the face of the decree settling the account, nor was their liability actually or necessarily included therein.

The plaintiff had the right to maintain the action within the rule in *Giselman* v. *Starr*, 106 Cal. 651. If he should obtain a judgment, its satisfaction would protect the defendants from any claim by the assignee of plaintiff.

The amount allowed the receiver as compensation and expenses, if a charge against defendant corporation, is properly costs of the suit. If the corporation is liable, the receiver should be paid in preference to general creditors. No question is made as to the good faith of the defendants, who are directors or trustees of the corporation, and in case expenses are necessarily incurred by the directors in winding up the affairs of an insolvent corporation, they should be paid as a preferred claim. Any other rule would make the directors personally liable for costs incurred in good faith for the benefit of the creditors.

The judgment, if otherwise correct, should have been in form against the defendant corporation, as it is the party upon whose request and in whose suit the receiver was appointed. The other defendants, as directors of the corporation, should have been directed to pay the judgment from the funds of the corporation in their control and possession. In other words, we do not think the plaintiff would, under the circumstances, be entitled to a personal judgment against each or all the defendants other than the corporation, collectible from the personal assets of such director or directors.

The views herein expressed render it unnecessary to discuss any other questions.

The judgment and order should be reversed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Van Dyke, J., Garoutte, J., Harrison, J.

Hearing in Bank denied.