[Civ. No. 887. Third Appellate District.—February 8, 1912.]

ELEANOR SOPHIA SILVERSTON, Appellant, v. MER-
CANTILE TRUST COMPANY OF SAN FRANCISCO,
a Corporation, MARY GRAY TOBIN and JOSEPH S.
TOBIN, Respondents.

FORMER JUDGMENTS INVOLVING VALIDITY OF TRUST—ACTION TO PARTI-
TION TRUST FUNDS—INVALIDITY INVOLVED—ESTOPPEL.—Judgments
in former actions, in one of which successors of a deceased trustee
of an express trust were appointed, in a second of which the suc-
cessor of a resigning trustee was designated, and in a third of which
it was sought to obtain an accounting of trust funds and a partial
distribution according to the terms of the trust, and in each of which
the validity of the trust was necessarily involved and passed upon,
are conclusive as an estoppel in a subsequent action to partition the
entire funds between the claimants thereof on the ground·of the
invalidity of the trust.

ID.—CODE RULE AS TO ESTOPPEL OF FORMER JUDGMENT.—The elementary
rule as to the estoppel of a former judgment is stated in section
1911 of the Code of Civil Procedure: "That only is deemed to have
been adjudged in a former judgment which appears upon its face
to have been so adjudged, or which was actually and necessarily in-
cluded therein, or necessary thereto."

ID.—PLEA OF FORMER JUDGMENTS IN ANSWER IN PARTITION—EFFECT OF
    STIPULATION—VALIDITY EXPRESSLY ADJUDICATED.—Where the judg-
    ment-rolls in each of the former actions were set forth in the
    answer to the complaint in partition, and it was stipulated between
    the parties that the judgment-rolls therein pleaded were properly
    set forth, it must be accepted as true as alleged in the answer that
    the existence and validity of the trust was put in issue and ad-
    judicated in each of said actions.

ID.—RECORD UPON APPEAL—CONTEST OF FORMER ACTIONS—PRESUMPTIONS
    —GROUND OF CONTEST—FINDING—PERFORMANCE OF COURT'S DUTY.
    Where the record upon appeal shows that each of the former actions
    was contested by appellant, it must be presumed, in the absence of
    any counter-showing, that they were contested on the ground of in-
    validity of the trust, and that the court expressly found in favor
    of its validity. It must be presumed that the court in the conduct
    of each of the actions performed its manifest duty to determine the
    validity of the trust which it sought to enforce, and to avoid any
    illegal or abortive act in enforcing a void trust.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Hillyer, Stringham & O'Brien, for Appellant.

Platt & Bayne, and Richard Bayne, for Respondents.

BURNETT, J.—The action is in partition. Appellant
states that "there is practically no controversy as to the
facts." The amended complaint alleges that plaintiff and
defendant, Mary Gray Tobin, are the owners as tenants in
common of certain personal property consisting of notes and
bonds; that the Mercantile Trust Company of San Francisco
claims some interest adversely to plaintiff, but that it is with-
out right. The answer denies that plaintiff and said defend-
ants are the owners or tenants in common or otherwise of the
property and admits that the said Mercantile Trust Company
claims an interest in the property adverse to plaintiff, but
denies that such claim is without right. It is alleged in the
answer that the property is held in trust by said company as
follows: That on the fifteenth day of August, 1893, the plain-
tiff, defendant, Mary Gray Tobin, and Edwin R. Dimond,
together with their father, W. H. Dimond, entered into an

agreement with Horace G. Platt, which is set forth as exhibit "A," according to the terms of which said Platt was to receive certain real and personal property belonging to W. H. Dimond and to his three children, in trust for said children during the term of their lives, applying the income to their use and support, and to "give and convey" one-third of said property to E. R. Dimond upon the death of said W. H. Dimond, and, upon the death of either of the daughters, "to give and convey" one-half of the remaining two-thirds to the devisees and legatees or heirs of the one so dying. On August 16, 1893, another agreement was made whereby W. H. Dimond succeeded Horace G. Platt as trustee under the same trust; that said W. H. Dimond died on or about the eighteenth day of June, 1896, without having appointed his successor in said trust either by will or deed; that thereafter Edwin R. Dimond and the Union Trust Company of San Francisco, as executors of the last will and testament of said W. H. Dimond, brought an action in the superior court in and for the county of San Francisco, against plaintiff herein, her husband, Paul R. Jarboe, Mary Gray Tobin and her husband, Joseph S. Tobin; that in the complaint therein the execution of said deed of trust referred to as exhibit "A" and also the execution of the deed of trust from said Platt to W. H. Dimond and also the death of said Dimond without having appointed a successor were alleged and set forth, and the prayer was that the court appoint a successor in said trust to said W. H. Dimond and that the plaintiffs as said executors be authorized to turn over to said trustee so appointed by the court the property set forth in said deeds of trust; "that Eleanor Sophie Jarboe (the plaintiff herein) appeared in said action and contested the same; that said action was tried upon its merits; that the court filed its findings of fact and conclusions of law and found that all the allegations of the complaint were true, and that a judgment and decree should be entered adjudging that said W. H. Dimond was the trustee under said trust, and that Horace G. Platt and B. P. Oliver should be appointed trustees in place of said W. H. Dimond, deceased, with all the powers, duties, liabilities and obligations set forth in said trust as incumbent upon and belonging to the trustee under said trust, and thereupon the court duly made, gave and entered its judgment and decree appointing

Horace G. Platt and B. P. Oliver trustees in the place and stead of W. H. Dimond, deceased, as trustees under said trust, with all the powers, duties, liabilities and obligations set forth in said trust as incumbent upon and belonging to the trustee under said trust''; that they accepted the trust and so entered upon the discharge of their duties; that certain other actions were brought, in which plaintiff herein was a party, relating to this trust property; that they were contested by plaintiff herein and tried upon their merits and judgment rendered therein.   The answer further alleges that the action is barred by the laches of plaintiff and by the provisions of section 343 of the Code of Civil Procedure.   Furthermore, it is averred that ''The same cause of action at issue in this action, to wit, the validity of said trust above set forth, was duly adjudged and decided in said three actions above mentioned and set forth, to wit, said action brought by said executors of the will of W. H. Dimond, and said action brought by this plaintiff and others against said trustees and executors of the will of W. H. Dimond, deceased, and said action above set forth brought by said trustees against this plaintiff and others; that this plaintiff appeared in each of said actions and contested the same; that said three actions were heard and decided upon their merits, and that in each of said three actions the trust herein set forth was in issue and was adjudged and decided to be valid.''   The judgment-roll in one of these actions, No. 24,203, entitled *Edwin R. Dimond and Union Trust Company, etc.,* v. *Eleanor Sophia Jarboe and others,* ''and also the judgment-roll in No. 24,202, entitled *Horace G. Platt and B. P. Oliver as trustees,* v. *Eleanor Sophia Jarboe, and others,''* were received in evidence.   It is stipulated by the parties hereto, as stated by appellant, that the statements appearing in the answer to the amended complaint as to the contents of the record in the two actions just mentioned are substantially correct statements of the contents of the said judgment-rolls and are sufficiently detailed for the purposes of this appeal. From said statement it appears specifically that in the first above-mentioned case the court found, among other things, as hereinbefore stated, that ''Horace G. Platt and B. P. Oliver should be appointed trustees in place of said W. H. Dimond, deceased, with all the powers, duties, liabilities and obligations set forth in said trust as incumbent upon and

belonging to the trustees under said trust, and that said parties, under and by virtue of said judgment and decree, accepted said trust and entered upon the discharge of their duties as such trustees under said trust, as successors to said W. H. Dimond, with all the rights, powers, duties and estate held or enjoyed by said W. H. Dimond as such trustee as aforesaid.'' In the second of these cases the court found all the allegations of the complaint to be true, which included the averment of the institution of an action by said Eleanor Sophia Jarboe, Paul R. Jarboe, Mary Gray Tobin and Joseph S. Tobin against Horace G. Platt and B. P. Oliver as trustees, and the Union Trust Company of San Francisco as executor of the last will of decedent, and the rendering of a judgment therein, adjudging and decreeing what part of the money in the hands of the defendants constituted a portion of the principal sum of said trust property and what part constituted the income of said trust property collected by said W. H. Dimond, and directing the distribution of these funds in accordance with the terms of said trust, one-fourth of the income fund being distributed to said Eleanor Sophia Jarboe. It was further alleged in the complaint that said action was heard and decided upon its merits, that the court found all of the allegations of the complaint therein to be true, and that the account of said trustees was correct as set forth in the complaint, and that all of the acts of the trustees as set forth in the complaint were done within the line of their duty as such trustees, and that the court found as a conclusion of law that said account should be settled and allowed as presented, and that the resignation of said Horace G. Platt be accepted and that he be discharged from all further liability under said trust, and that B. P. Oliver be adjudged to be the sole and surviving trustee under said trust and that a decree was entered accordingly. It thus appears that an action was brought by appellant herself, in connection with others, for the purpose of enforcing the particular trust by compelling the division of some $22,000 recovered from the executors of the estate of said W. H. Dimond, deceased, as a part of the trust estate, and that the money was actually divided and distributed according to the terms of said trust. It is declared by respondent that ''It would be difficult indeed to show more clearly than has been here done that the exist-

ence of this trust had been directly involved in the litigation above referred to and its validity adjudicated and established." Further, it is argued that, since it appears that appellant contested each of the actions whose judgment-rolls were introduced herein in evidence and the particular grounds of her contest are not set forth, we must assume that one of the grounds was that such trust was invalid. It is claimed that this follows from the presumption that we must indulge in favor of the judgment of a court of general jurisdiction, that the burden, in other words, is upon appellant to show that said contest did not in fact involve directly the determination of the validity of said trust. The familiar doctrine is invoked, as stated in *Bliss* v. *Sneath,* 119 Cal. 526, [51 Pac. 848], that: "When a judgment of the trial court is brought here for review, it is incumbent upon the appellant affirmatively to show some reversible error committed by that court. If the appeal is presented upon the judgment-roll, the error must appear on the face of the record. Not only will error never be presumed, but every presumption will be indulged in favor of upholding the judgment."

On the other hand, it is the contention of appellant that estoppel upon a different cause of action only extends to matters actually litigated and determined and not to questions involved and defenses which might have been, but were not, made. And that it must appear from the record affirmatively that such question was raised and litigated in order to preclude the losing party from contending to the contrary in another suit. As authority for this position, the principal cases cited are: *Cromwell* v. *County of Sacramento,* 94 U. S. 351, [24 L. Ed. 195], *Freeman* v. *Barnum,* 131 Cal. 387, [82 Am. St. Rep. 355, 63 Pac. 691], and *Ephraim* v. *Pacific Bank,* 136 Cal. 646, [69 Pac. 436]. In the first, the question was whether or not the validity of certain bonds or coupons could be attacked, the claim being that the plaintiff was barred by the judgment in an action brought by the plaintiff on earlier maturing coupons on the same bonds and the court, through Mr. Justice Field, said: "The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every other ground which might have been presented, is strictly accurate, when applied to the demand or

claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. . . . On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action.''

In the Freeman case, *supra*, the said opinion of Judge Field is cited with approval, and it is held that this rule ''applies to the question as to the constitutionality of subdivision 36 of section 25 of the county government act of 1893. It is true that matter was necessarily involved and must have been determined before judgment could have been entered in the former suit. But it does not appear from the record that such question was raised and litigated. This being a different action upon a different cause of action, the defendant is not estopped from raising the objection.''

In *Ephraim* v. *Pacific Bank*, 136 Cal. 646, [69 Pac. 436], the judgment was held not to constitute an estoppel for the reason that the issue raised in the second action was not a material issue raised in the first action, and was not necessarily involved in the determination of the first trial, as appears from the following quotation from the decision: ''The defendants (in the first action), without any just reason, set up the contract or agreement as herein alleged, *but being outside the issues* and not passed upon by the court below, it is not *res judicata*. The elementary rule in this class of cases is stated in section 1911 of the Code of Civil Procedure: 'That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.' It is evident that the liability of defend-

ants does not appear to have been adjudged upon the face of the decree settling the account, nor was their liability actually or necessarily included therein.''

But, accepting appellant's view of the law of estoppel as applied to judgments, supported, it may be said, as that view is by the Freeman case, *supra,* that a judgment is conclusive only as to the material matters which appear on the face of the record to have been actually determined, still it does not follow that this particular finding of the lower court lacks sufficient support. To the contrary, we must hold that the validity of the said trust was directly put in issue and determined in the former actions. This follows from the stipulation that the answer of respondent herein contains a correct statement of the contents of the judgment-roll in each of said actions. It must be accepted as true, therefore, as alleged in said answer, that the existence and validity of said trust were put in issue and adjudicated. Of course, there is no legal objection to giving effect to this stipulation of the parties, and the case is no different from what it would be had the entire judgment-roll in said actions been incorporated in the bill of exceptions and in the pleadings therein should be disclosed a specific averment as to the validity of said trust, followed by an affirmative finding thereon by the court. Indeed, we have a right to assume that such would appear from a full exposition of said judgment-rolls, but that they were omitted in consequence of said stipulation.

But if we have given this stipulation a wider scope than was intended by the parties, nevertheless, by virtue of the presumption suggested by respondent, we must uphold the finding of the lower court. As we have seen, it appears that appellant contested each of the actions the judgment-rolls in which were introduced in evidence in this case and were before the trial court. It does not appear what the grounds of contest were. There is nothing in the record before us to negative the assumption that one of the grounds of said contest was the invalidity of said trust. Since the record does not purport to set forth all the findings of the court in said actions, we may assume also that the validity of said trust was expressly found. If the contrary be the fact, appellant should have exhibited it in the record.

But aside from the foregoing, it is apparent that appellant's position is entirely untenable. The rule as to estoppel by judgment is not correctly stated in the Freeman case, *supra.* The learned justice who wrote the opinion apparently overlooked the latter part of section 1911 of the Code of Civil Procedure. That section furnishes the presumption or rule of evidence for our guidance in ascertaining what has been determined by a judgment. We are not limited to that "which appears upon its face to have been so adjudged," but the judgment also embraces whatever is actually and necessarily included therein or necessary thereto. Parties are therefore estopped, by a former judgment, from contending for the contrary, not only as to the matters which appear to have been determined but also as to those which were necessarily involved therein or necessary thereto. For this doctrine there is abundance of support. Indeed, most of the cases go so far as to hold that there is an estoppel as to all the matters that might have been litigated in the former action. It is not necessary, however, to go to that extent to uphold the finding of the lower court upon this point.

In *Wolverton* v. *Baker*, 98 Cal. 632, [33 Pac. 732], it is said: "Where a given matter becomes the subject of litigation in and of adjudication by a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have through negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time."

In *Flynn* v. *Hite*, 107 Cal. 455, [40 Pac. 749], it is held, as stated in the syllabus, that: "The validity of a lease which might be shown in evidence in support of a plea of right of possession in an action of ejectment is adjudged against by the recovery of the plaintiff in the ejectment suit; and the

failure of the defendant to offer the lease in evidence in support of the plea cannot affect the conclusiveness of the judgment against his right to recover damages for not being permitted to occupy the premises recovered in the ejectment suit.''

In *Crew* v. *Pratt,* 119 Cal. 149, [51 Pac. 42], it is said: ''It may be stated as a general proposition, that a judgment is conclusive, not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case; the presumption being that all such issues were really met and decided.    (Freeman on Judgments, sec. 253; *Parnell* v. *Hahn,* 61 Cal. 131; *Lillis* v. *Emigrant etc. Co.,* 95 Cal. 553, [30 Pac. 1108]; *Wolverton* v. *Baker,* 98 Cal. 631, [33 Pac. 731]; *Howell* v. *Budd,* 91 Cal. 342, [27 Pac. 747]; *Burns* v. *Kennedy,* 108 Cal. 338, [41 Pac. 458]; *Estate of Hudson,* 63 Cal. 457.) . . . The subject matter upon which the court was called to act in the present instance was the settlement of the final account and distribution of the estate of O. C. Pratt, under his last will.    As an incident of this duty, it devolved upon the court to determine whether or not there was a valid trust created by the will and whether the respondents were lawfully created the trustees thereof.    The court could not dispose of this question without passing upon the validity of the trust. It was the fulcrum upon which that branch of the case turned. . . . In the present case, we are of opinion it was, under the law, the duty of the court to adjudicate the question of the validity of the Pratt trust, and that having done so and adjudged it to be valid, while its conclusion was erroneous and the judgment open to reversal on appeal, yet as no appeal was taken therefrom and as the time therefor has long since expired, it is not now open to attack.''

In *Bingham* v. *Kearney,* 136 Cal. 175, [68 Pac. 597], it was held that a judgment in a former action foreclosing a contract of sale for default of the purchaser in payment of purchase money, which has become final, is conclusive against the right of the purchaser to maintain a subsequent action to rescind the contract of sale and to recover back the purchase money paid, the court saying: ''It is the rule, long recognized in this country, that a judgment between the same parties is conclusive, not

only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided." The rule is reaffirmed in *Ivancovich* v. *Weilenman,* 144 Cal. 757, [78 Pac. 268]; *Estate of McDougald,* 146 Cal. 195, [79 Pac. 878]; *Swamp Land Reclamation District* v. *Blumenberg,* 156 Cal. 539, [106 Pac. 389]. See, also, the late case of *Gibbs* v. *Peterson,* [Dec. 16, 1911], 13 Cal. App. Dec. 751,* where the rule is again announced and other supreme court decisions are cited in its support.

It seems entirely clear that, in the actions for the appointment of a trustee under the trust and for an accounting and distribution of the trust fund, the validity of said trust was necessarily involved. The manifest foundation for such action is the existence and legal effect of the trust. Its validity may not have been questioned; it may have been conceded by all parties; the court may have given it little consideration, but it is indisputable that the determination of its validity is inseparably associated with the judgments to which we have referred. It would be a grave reflection upon any court to suggest that it would appoint a trustee to carry out the provisions of a purported trust without inquiry as to its validity and without being satisfied that it is legally operative. There is, manifestly, no authority for the appointment of a trustee to carry out the provisions of a void trust or to determine the existence of a trust fund and direct its apportionment and distribution in accordance with the terms of such trust. We must assume that the court would, if possible, avoid any such illegal and abortive act, and that it would preliminarily determine that the contemplated proceeding was legal as being based upon a valid declaration of trust. At least, such is manifestly its duty, and we must hold that it was performed.

The estoppel was properly pleaded; it was established by the record of the former actions, from which it appears that the validity of said trust now assailed by appellant was necessarily involved in the judgments rendered in those actions;

*This case was ordered transferred to the supreme court after judgment in the district court of appeal.

and, under the authorities, it must be held that the question
is *res adjudicata.*

We deem it unnecessary to notice other points made by
respondent in favor of the judgment, as we feel satisfied that
the finding as to estoppel is correct and is decisive of the
controversy.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.